AO 241 (Rev. 5/85)

**PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

# United States District Court

| | District |
|---|---|
| | District of Massachusetts |

| Name | Prisoner No. | Case No. |
|---|---|---|
| Derek Biggs | W-66551 | |

| Place of Confinement |
|---|
| North Central Correctional Institution |
| 500 Colony Road - P.O. Box 466 |
| Gardner, MA. 01440 |

**05 10503 JLT**

| Name of Petitioner (include name under which convicted) | Name of Respondent (authorized person having custody of petitioner) |
|---|---|
| Derek Biggs | V.   Kathleen M. Dennehy. Commisioner Massachusetts Department of Correction, |

| The Attorney General of the State of: |
|---|
| Thomas F. Reilly, Attorney General for Commonwealth of Massachusetts |

## PETITION

1.  Name and location of court which entered the judgment of conviction under attack  Suffolk County Superior Court Department, 607 United States Post Office & Courthouse, 90 Devonshire Street, Boston, MA. 02109

2.  Date of judgment of conviction   May 20, 1999

3.  Length of sentence   Fifteen to Tewnty Years, with Ten Years Probation on and after.

4.  Nature of offense involved (all counts)   Aggravated Rape (3 Counts; M.G.L. c. 265, § 22[a]); Rape (3 Counts; M.G.L. c. 265, § 22[b]); Kidnapping (1 Count; M.G.L. c. 265, § 26.

5.  What was your plea?  (Check one)
    (a)  Not guilty   ☒
    (b)  Guilty   ☐
    (c)  Nolo contendere   ☐

    If you entered a guilty plea to one count or indictment, and not a guilty plea to another count or indictment, give details:

    Not applicable

6.  If you pleaded not guilty, what kind of trial did you have?  (Check one)
    (a)  Jury   ☒
    (b)  Judge only   ☐

7.  Did you testify at the trial?
    Yes ☒   No ☐

8.  Did you appeal from the judgment of conviction?
    Yes ☒   No ☐

RECEIPT # 68834
AMOUNT $  5 00
SUMMONS ISSUED  N/A
LOCAL RULE 4.1___
WAIVER FORM___
MCF ISSUED___
BY DPTY. CLK.  M.P
DATE  3/17/05

*MAGISTRATE JUDGE*

AO 241 (Rev. 5/85)

9.  If you did appeal, answer the following:

   (a) Name of court  Massachusetts Appeals Court

   (b) Result  Judgments Affirmed & Denial of Motion for New Trial Affirmed
                  , 59 Mass. App. Ct. 1107, 2003 Mass.App. LEXIS 1116(10/20/03)
   (c) Date of result and citation, if known  October 20, 2003 - Commonwealth v. Derek Biggs,
      Appeals Court No. 2000-P-1853 (October 20, 2003)Unpublished Decision).
   (d) Grounds raised  Ground I(The Judge Abused Its Discretion In Allowing The

Commonwealth, Over Objection, To Impeach Biggs With Prior Convictions
Grounds Raised Continued on Supplemental Page(s) One   Attached Hereto-->

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

      (1) Name of court  Supreme Judicial Court for Commonwealth of Massachusetts

      (2) Result  Further Appellate Review Denied.


Commonwealth v. Derek Biggs, 440 Mass. 1109, 2003 Mass. LEXIS 931
      (3) Date of result and citation, if known  (December 23, 2003)-

      (4) Grounds raised  Same Grounds Raised in Paragraph 9(d), infra.

      See also Continuation of Grounds Raised in Paragraph 9(d), Infra
on Supplemental Page One attached hereto---------------------->

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each
direct appeal:

      (1) Name of court  Not applicable.

      (2) Result  Not applicable.


      (3) Date of result and citation, if known  Not applicable.

      (4) Grounds raised  Not applicable.


10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications,
or motions with respect to this judgment in any court, state or federal?
Yes ☒   No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court  Suffolk Superior Court for Criminal Business

      (2) Nature of proceeding  Post-Conviction - Motion for New Trial, Rule 30(b)

        of the Massachusetts Rules of Criminal Procedure.

      (3) Grounds raised  Ground I(Trial Counsel Was Ineffective For Failing To

Impeach Fresh Complaint Witness, Officer DiBuduo, Failing To Impeach
Grounds Raised Continued on Next Page Four--------------------->

AO 241 (Rev. 5/85)

_The Complainant Regarding A Key Detail Of The Fresh Complaints To_

_Debudeo And Doctor Sinnock, And, Failing To Argue The Inconsistencies_

_To The Jury, In Violation Of Derek Biggs' Right To   Effective_
Grounds Raised Continued on Supplemental Page One-B  Attached Hereto-->

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐        No ☒

(5) Result   _Motion for New Trial Denied._

(6) Date of result  _February 4, 2002_

(b) As to any second petition, application or motion give the same information:

(1) Name of court   ___Not Applicable___

(2) Nature of proceeding  _Not Applicable___

___

(3) Grounds raised   ___Not Applicable___

___

___

___

___

(4) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes ☐        No ☐        Not Applicable.

(5) Result  _____Not Applicable___

(6) Date of result  ____Not Applicable___

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.          Yes ☒      No ☐
(2) Second petition, etc.         Yes ☐      No ☐

(d) If you did _not_ appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

  _Not Applicable as Did Appeal First Petition to Highest Court_

___

___

12. State _concisely_ every ground on which you claim that you are being held unlawfully. Summarize _briefly_ the _facts_ supporting each ground. If necessary, you may attach pages stating additional grounds and _facts_ supporting the same.
    Caution:  In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

AO 241 (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted you state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self−incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(h) Denial of right of appeal.

A.    Ground one: Conviction obtained by the unlawful and prejudicial admission of prior convictions which bore a prejudicial resemblance to the offenses at trial in violation of the Petitioner's right to due process See Supplemental Page Two attached for Continued Ground One--->

Supporting FACTS (state *briefly* without citing cases or law) Petitioner's due process rights and the right to a fair trial were violated under the Sixth and Fourteenth Amendments to the Unuted States Constitution when the Trial Judge allowed the Commonwealth, over objection, to impeach the Petitioner with prior convictions for assault and battery with a dangerous weapon, which do not bear on credibility.  That these See Supplemental Page Two attached for Continued Supporting Facts To Ground One------------------------------------------------>

B.    Ground two: Conviction obtained by prosecutorial misconduct by questioning See Supplemental Page Two  attached for Continued Ground Two---->

Supporting FACTS (state *briefly* without citing cases or law)  The prosecutor in this case at trial improperly and prejudicially trampled on the Petitioner's constitutional rights to due process of law, the right to a fair trial, the presumption of innocence, to confront the witnesses against him and to present a defense, when the prosecutor harangued the Petitioner about his trial strategy to "plant reasonable doubt" rather than "finding the truth" or "the facts". See Supplemental Page Two  attached for Continued Supporting Facts to Grounds Two------------------(5)---------------------------->

AO 241 (Rev. 5/85)

C.    Ground three: The Petitioner was denied the effective assistance of counsel

See Supplemental Page Three attached for Continued Ground Three---->

Supporting FACTS (state *briefly* without citing cases or law)  The Petitioner's Trial Counsel

was ineffective in failing to impeach the complainant and a fresh

complaint witness about inconsistencies between the substance of the

fresh complaint and their trial testimony and in failing to argue

to the jury those and other inconsistencies between the complainant's

testimony and her fresh complaint, in derogation of the Petitioner's

See Supplemental Page Three attached for Continued Supporting Facts
To Ground Three.

D.    Ground four: Conviction obtained by prosecutorial misconduct by the

See Supplemental Page Three attached for Continued Ground Four---->

Supporting FACTS (state *briefly* without citing cases or law)  The Prosecutor in this case

made improper and prejudicial errors in the prosecutor's opening

statement and closing argument, thereby violating the Petitioner's

rights to due process of law and the right to a fair trial, when

the prosecutor: (a)(1) incorrectly stated that both fresh complaint

witnesses' testimony was consistent with the complainant's

See Supplemental Pages 3-12 attached for Continued Supporting Facts
to Ground Four, as well as Other Grounds Raised Consecutively---->

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly*
what grounds were not so presented, and give your reasons for not presenting them:  Ground(s) 12(A):

Ground One through Ground(s) 12(H): Ground Eight, inclusive have all been

exhausted in State Court.   However, Ground(s) 12(I): Ground Nine  through

See Supplemental Page Thirteen for further facts regarding exahsution--->

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐        No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment attacked herein:

(a)    At preliminary hearing  John C. McBride, Esq., C/O McBride & Natola, 240

Commercial Street, Boston, MA. 02109

(b)    At arraignment and plea  Kermahan Buck, Esq., 875 Massachusetts Avenue, Cambridge,
MA. 02139(In District Court) and John C. McBride, Esq., C/O McBride &
Natola, 240 Commercial Street, Boston, MA. 02109 (In Superior Court).

AO 241 (Rev. 5/85)

(c) At trial  Christopher P. Belezos, Esq., C/O Belezos & Gratzer, 760 Adams Street, Dorchester, MA. 02122

(d) At sentencing  Christopher P. Belezos, Esq., C/O Belezos & Gratzer, 760 Adams Street, Dorchester, MA. 02122

(e) On appeal  Maxine Sushelsky, P.O. Box 382427, Cambridge, MA. 02238-2427

(f) In any post−conviction proceeding  Maxine Sushelsky, Esq., P.O. Box 382427, Cambridge, MA. 02238-2427

(g) On appeal from any adverse ruling in a post−conviction proceeding  Maxine Sushelsky, Esq., P.O. Box 382427, Cambridge, MA. 02238-2427

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and the same time?
    Yes ☒        No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☒        No ☐
    (a) If so, give name and location of court which imposed sentence to be served in the future:  Suffolk Superior Court for Criminal Business, 607 United States Post Office & Courthouse, 90 Devonshire Street, Boston, MA. 02109
    (b) Give date and length of the above sentence:  May 24, 1999 − Ten Years Probation From and After Fifteen to Twenty Year Sentence presently serving.

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
        Yes ☒        No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

Not Applicable at Present
_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on    March 10, 2005.

March 10, 2005
_____
(date)

_____
Signature of Petitioner
Derek Biggs − W−66551

SUPPLEMENTAL PAGE ONE

GROUNDS RAISED CONTINUED FROM PAGE THREE, PARAGRAPH 9(d)

Ground I Raised On Appeal Continued From Paragraph 9(d): That
Bore A Prejudicial Resemblance To The Offenses At Trial, In
Violation Of Biggs' Rights To Due Process Of Law And The Right
To A Fair Trial As Guaranteed By The United States Constitution,
Amendments Six And Fourteen And The Massachusetts Declaration
Of Rights, Article XII); Ground II(The Prosecutor's Questioning
Biggs' About Wanting To "Plant Reasonable Doubt" Rather than
"Finding The Truth" Or "The Facts", Shifted The Burden Of Proof
And Violated Biggs' Rights To Due Process, The Presumption Of
Innocence, A Fair Trial, To Present A Defense, And To Confront
The Evidence Against Him, As Guaranteed By The United States
Constitution, Amendments Six And Fourteen And The Massachusetts
Declaration Of Rights, Article XII); Ground III(Trial Counsel
Was Ineffective For Failing To Impeach Fresh Complaint Witness
Officer Dibudeo, Failing To Object To Her Testimony, Failing
To Impeach The Complainant Regarding A Key Detail Of Fresh Complaints
To Dibudeo and Dr. Sinnock, And Failing To Argue The Inconsistencies
To The Jury, In Violation Of Derek Biggs' Right To Effective
Assistance Of Counsel As Guaranteed By The United States Constitution
And The Massachusetts Declaration Of Rights, Article XII): Ground
IV(The Trial Judge Resurrected The New Trial Motion Issues For
Purposes Of This Appeal. Alternatively, Because The Judge Allowed
Biggs To Withdraw The Issues, The Trial Judge's Discussion Of
Those Issues Is Irrelevant To The Appeal); Ground V(The Prosecutor's
Opening Statement And Closing Argument Contained Numerous Instances
Of Highly Prejudicial Errors And Overreaching In Violation Of
Biggs' Rights To Due Process Of Law And A Fair Trial As Guaranteed
By The United States Constitution, Amendments Six And Fourteen
And The Massachusetts Declaration Of Rights, When: (A) The Prosecutor
Misstated The Evidence, Improperly Arguing That The Fresh Complaint
Witnesses' Testimony Was Consistent With The Complainant's Testimony
Regarding The Details Of The Alleged Rapes And That The Trial
Judge Failed To Give A Corrective Instruction; (B) The Prosecutor
Improperly Pandered To The Jury's Fears And Played On Their
Emotions When She The Prosecutor Told The Jurors They Should
Be Scared By Biggs' Behavior, And Characterized Biggs And The
Encounter As The Complainant's "Worst Nightmare."; (C) The Prosecutor
Improperly Referred To Information Not In Evidence And Thereby
Vouched For The Witness; (D) The Prosecutor Impermissibly Referred
To A Guilty Verdict As A "Just And True Verdict"); Ground VIThe
Prosecutor Engaged In A Malicious, Contemptuous Character Assasination
Of Derek Biggs', In Violation Of His Right To Due Process Of
Law And A Fair Trial As Guaranteed By The United States Constitution,
Amendments Six And Fourteen And The Massachusetts Declaration
Of Rights, Article XII) - Continued On Page One-A----------->

SUPPLEMENTAL PAGE ONE-A

GROUNDS RAISED CONTINUED FROM PAGE THREE, PARAGRAPH 9(d)

Ground VII(The Combined Effect Of THe Numerous Instances Of Prosecutorial Overreaching Requires A Reversal Of The Convictions); Ground VIII(Derek Biggs' Rights To Due Process Of Law And A Fair Trial Were Violated Where The Jury Instruction On Kidnapping Exceeded The Scope Of The Indictment, Contravening The United States Constitution, Amendments Five, Six And Fourteen And The Massachusetts Declaration Of Rights, Article XII); Ground IX(Trial Counsel Was Ineffective For Failing To Object To And Preserve Errors At Trial, In Violation Of Derek Biggs' Right To Effective Assistance Of Counsel As Guaranteed By The United States Constitution, Amendments Six and Fourteen And The Massachusetts Declaration Of Rights, Article XII).

SUPPLEMENTAL PAGE ONE-B

GROUNDS RAISED CONTINUED FROM PAGES THREE AND FOUR, PARAGRAPH 11(3):

Ground I Continued: Assistance Of Counsel As Guaranteed By The
United States Constitution, Amendments Six And Fourteen And
The Massachusetts Declaration Of Rights, Article XII); Ground
II(The Prosecutor's Opening Statement And Closing Argument Contained
Numerous Instances Of Highly Prejudicial Errors And Overreaching
In Violation Of Derek Biggs' Rights To Due Process Of Law And
A Fair Trial As Guaranteed By The United States Constitution,
Amendments Six And Fourteen And The Massachusetts Declaration
Of Rights Article XII, When [A] The Prosecutor Misstated The
Evidence, Improperly Arguing That The Fresh Complaint Witnesses'
Testimony Was Consistent With The Complainant's Testimony Regarding
The Details Of The Alleged Rapes; [B] That In Her Opening And
Closing,The Prosecutor Chracterized Biggs And The Encounter
As The Complainant's "Worst Nightmare"; [C] That The Prosecutor
Improperly Attacked And Mischaracterized Defense Counsel's Tactics;
[D] That The Prosecutor Directly And Improperly Pandered To
The Jury's Fears And Played On Their Emotions; [E] That The
Prosecutor Improperly Referred To Information Not In Evidence
And Thereby Vouched For The Witness; and, [F] That The Prosecutor
Impermissibly Referred To A Guilty Verdict As A "Just And True
Verdict"); Ground III(The Prosecutor Engaged In Malicious,
Contemptuous Character Assassination Of Derek Biggs, In Violation
Of His Right To Due Process Of Law And A Fair Trial As Guaranteed
By The United States Constitution, Amendments Six And Fourteen
And The Massachusetts Declaration Of Rights, Article XII); Ground
IV(That The Comined Effect Of The Numerous Instances Of Prosecutorial
Overreaching Requires A Reversal Of The Convictions); Ground
V(Derek Biggs Rights To Due Process Of Law And A Fair Trial
On Charges On Which The Grand Jury Voted Were Violated Where
The Jury Instruction On Kidnapping Exceeded The Scope Of The
Indictment, Contravening The United States Constitution, Amendments
Five, Six And Fourteen And The Massachusetts Declaration Of
Rights, Article XII).

SUPPLEMENTAL PAGE TWO

GROUNDS RAISED CONTINUED FROM PAGES FIVE AND SIX, PARAGRAPH 12

12(A)Ground One Continued: due process of law and the right to
a fair trial under the Sixth and Fourteenth Amendments to the
United States Constitution.

12(A): Ground One Supporting Facts Continued: prior offenses
were prejudicial due to the fact that they were similar to those
alleged at trial and that all revealed a prejudicial propensity
for assaultive behavior and therefore the prejudicial effect
outweighed their probative value.  Consequently, this violated
the Petitioner's rights to due process of law and the right
to a fair trial under the Sixth and Fourteenth Amendments to
the United States Constitution.

12(B) Ground Two Continued: the Petitioner about wanting to
"plant reasonable doubt" rather than "finding the truth" or
"the facts", and thereby shifted the burden of proof and violated
the Petitioner's rights to due process of law, the right to
a fair trial, diluted the Petitioner's presumption of innocence,
Petitioner's right to present a defense, and the Petitioner's
right to confront the evidence against him in violation of the
Petitioner's rights under the Sixth and Fourteenth Amendments
to the United States Constitution.

12(B): Ground Two Supporting Facts Continued: Consequently,
this prejudicial questioning, repeatedly by the prosecutor in
this case deprived the Petitioner of his rights to due process
of law, the right to a fair trial, dilueted the presemption
of innocence, shifted the burden of proof upon the Petitioner.
the Petitioner's right to present a defense, as well as the
Petitioner's right to confront the evidence against him under
the Sixth and Fourteenth Amendments to the United States
Constitution.

SUPPLEMENTAL PAGE THREE

GROUNDS RAISED CONTINUED FROM PAGE SIX, PARAGRAPH 12

12(C): Ground Three Continued: when trial counsel failed to
impeach the fresh complaint witness Officer Dibudeo, failed
to object to Officer Dibudeo's testimony, failed to impeach
the complainant regarding a key detail of the fresh complaints
to Dibudeo and Doctor Sinnock, failed to argue the inconsistencies
to the jury, in violation of Petitioner's right to the effective
assistance of counsel at trial under the Sixth and Fourteenth
Amendments to the United States Constitution.

12(C): Ground Three Supporting Facts Continued: rights to the
effective assistance of counsel under the Sixth and Fourteenth
Amendments to the United States Constitution.

12(D): Ground Four Continued: prosecutor's opening statement
and closing argument, which contained numerous instances of
highly prejudicial errors and overreaching in violation of the
Petitioner's rights to due process of law and a fair trial
as guaranteed by Amendments Six and Fourteen of the United States
Constiution, when: (A) The Prosecutor misstated the evidence
improperly arguing that the fresh complaint witnesses' testimony
was consistent with the Complainant's testimony regarding the
details of the alleged rapes; (B) that in the Prosecutor's opening
and closing arguments, the prosecutor characterized the Petitioner
and the encounter as the Complainant's "Worst Nightmare"; (C)
that the Prosecutor improperly attacked and mischaracterized
Trial Counsel's tactics; (D) that the Prosecutor directly and
improperly pandered to the jury's fears and played upon their
emotions; (E) that the Prosecutor imsporpely referred to information
and facts not in evidence and thereby vouched for for the credibility
of the Commonwealth's witness; and, (F) that the Prosecutor
improperly and impermissibly referred to a guilty verdict as
a "Just and True Verdict", and that the Trial Judge failed and
refused to issue a corrective instruction to the jury.

12(D): Ground Four Supporting Facts Continued: testimony on
the details of the alleged rapes; and, (2) that the trial judge
erred in failing to give a curative instruction when trial counsel
objected to the error; (b) played on the societal fears by improprly
arguing that the Petitioner's bahavior should scare them and
that the Petitioner was the complainant's worst nightmare; (c)
referred to information and facts not introduced in evidence
and vouched for the complainant when the Prosecutor characterized
the complainant's description of what had occurred as details
that "are called idiosyncratic details, details that have the
ring of truth"; and, (d) urged the jury to "render a just and
true verdict... the guilty verdict" because the evidence compelled
it, all in derogation of the Petitioner's rights to due process
of law and the right to a fair trial under the Sixth and Fourteenth
Amendments to the United States Constitution.

SUPPLEMENTAL PAGE FOUR

ADDITIONAL GROUNDS RAISED FROM PAGES FIVE AND SIX, PARAGRAPH 12

Ground 12(E): Ground 5:  The Prosecutor engaged in malicious,
contemptuous character assasination of the Petitioner in violation
of his right to due process of law and the right to a fair trial
as guaranteed by the Sixth and Fourteenth Amendments to the
United States Constitution.

Ground 12(E): Ground 5 Supporting Facts: The Prosector in this
case improperly, maliciously and contemptuously engaged in
character assasination while cross-examining the Petitioner
on matters that were irrelevant to the issues sought to be litigated
at trial in order to prejudice and poison the Petitioner's credibility
before the jury in derogation to the Petitioner's right to a
fair trial and due process of law under the Sixth and Fourteenth
Amendments to the United States Constitution.

Ground 12(F): Ground Six: The Cumulative effect of the numerous
instances of Prosecutirial overreaching and Misconduct violated
the Petitioner's right to due process of law and the right to
a fair trial under the Sixth and Fourteenth Amendments to the
United States Constitution.

Ground 12(F): Ground Six Supporting Facts: The cumulative effect
of the prosecutor's improper and prejudicial cross-examination
of the Petitioner, as well as the prejudicial and improper opening
and closing arguments, which argued facts not in evidence, all
of which were specifically designed to make the jury loathe
the Petitioner, require that the habeas petition be allowed,
particularly where, as here, the entire case was a credibility
contest between the Petitioner and the Complainant was in violation
of the Petitioner's right to due process of law and the right
to a fair trial under the Sixth and Fourteenth Amendments to
the United States Constitution and therefore could not be considered
harmless beyond a reasonable doubt.

SUPPLEMENTAL PAGE FIVE

ADDITIONAL GROUNDS RAISED FROM PAGES FIVE AND SIX, PARAGRAPH 12

Ground 12(G): Ground Seven: The Petitioner's rights to due process of law and the right to a fair trial were violated where the jury instructions on kidnapping exceeded the scope of the indictment, thereby giving the Petitioner insufficient notice of the charges against him in derogation of the Petitioner's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

Ground 12(G): Ground Seven Supporting Facts: The Petitioner's rights to due process of law and the right to a fair trial were violated when the Trial Judge's kidnapping instruction contained an element that was not included within the indictment charging kidnapping, i.e the element charging "secretly" was not alleged, but yet the trial judge charged the jury regarding this element. This violated the Petitioners rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

Ground 12(H): Ground Eight:  The Petitioner was denied the effective assistance of counsel at trial, when trial counsel failed to object to and preserve errors at trial, in violation of the Petitioner's right to the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.

Ground 12(H): Ground Eight Supporting Facts:  Trial Counsel in this case was ineffective, when Trial Counsel: (1) failed to object to the Prosecutor's closing argument, when the prosecutor's argued that the Petitioner's behavior should scare the jury and that the Petitioner was the complainant's worst nightmare, which the Prosecutor also stated in her opening statement; (2)failed to object to prosecutor's arguments concerning "idiosyncratic details," which both suggested a special knowledge and constituted witness vouching; (3) failed to object to the Prosecutor's statement that the jury "render a just and true verdict... the guilty verdict;" (4) failed to object to the prosecutor's malicious contemptuous cross-examination of the Petitioner; (5) failed to observe and object to the jury instruction on kidnapping, which exceeded the scope of the indictment returned; (6) failed to object to the admission of Officer DiBudeo's fresh complaint testimony prior to that of the Complainant, thereby giving it the enhanced status of substantive evidence: (7) failed to observe and object to the Trial Judge's instructions on fresh complaint, which was confusing; and, (8), the failure of trial counsel to move for redaction of the portion of the Petitioner's letters discussing his trial strategy to plant reasonable doubt, which individually and cumulatively deprived the Petitioner of the effective assistance of counsel at trial in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

SUPPLEMENTAL PAGE SIX

ADDITIONAL GROUNDS RAISED FROM PAGES FIVE AND SIX, PARAGRAPH 12

Ground 12(I): Ground Nine: The Petitioner's convictions were obtained by the unconstitutional practice by the Prosecutor to exercise peremptory challenges in the impanelment of the petit jury based upon race factors, which deprived the Petitioner of a fair and impartial jury, as well as the Petitioner's right to a jury of his peers under the Sixth and Fourteenth Amendments to the United States Constitution.

Ground 12(I): Ground Nine Supporting Facts: At the Petitioner's trial, the Prosecutor unlawfully exercised three peremptory challenges against african-american jurors based upon race considerations alone, that after the second african-american juror was challenged by the Prosecutor, Trial Counsel objected and that the trial court at that point indicated that if one more challenge to an african-american juror was made, that the Trial Court would make an inquiry as to the race neutral reason for the challenge.   That when the Prosecutor again made a peremptory challenge to another african-american juror, the court inquired as to the race-neutral reason and found that the reason was racially based.  However, once this finding of race based challenges was made by the Trial Court, it was required to go back and make inquiries of the two stricken jurors, which the court did not do, but rather only allowed the last juror stricken to sit on the jury and this juror was the only african american on the jury panel in a case where the Petitioner was african-american and the Complainant was white, which thereby deprived the Petitioner of his right to a fair, impartial and a jury of the Petitioners peers in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

Ground 12(J): Ground Ten: The Petitioner's conviction was obtained by the unconstitutional amending of the kidnapping indictment to attempted kidnapping by jury instructions, which deprived the Petitioner of the right to have notice of the charges, due process of law and the right to a fair trial in violation of the Petitioner's rights under the Fifth, Sixth and Fourteenth Amendment to the United States Constitution.

SUPPLEMENTAL PAGE SEVEN

ADDITIONAL GROUNDS RAISED FROM PAGES FIVE AND SIX, PARAGRAPH 12

Ground 12(J): Ground Ten Supporting Facts: The Petitioner was
indicted for the crime of kidnapping under M.G.L. c. 265, §
26, but was never indicted for attempted kidnapping under M.G.L.
c. 274, § 6, which requires that an overt act be alleged towards
the crimes completion.  That when the Trial Court charged the
jury on the indictment charging Aggravated Rape under M.G.L.
c. 22(a), utilizing the kidnapping charge as the aggravating
circumstance, the Trial Court allowed the jury to convict the
Petitioner of the crime of aggravated rape based upon an attempted
kidnapping, something of which was never alleged at the grand
jury or returned within the indictment.  This was in derogation
of the Petitioner's rights to due process of law, notice of
the chages against him and the right to a fair trial free from
ambush under the Fifth, Sixth and Fourteenth Amendments to the
United States Constitution.

Ground 12(K): Ground Eleven: The Petitioner's conviction was
obtained by unconstitutional jury instructions on circumstantial
evidence, which utilized the terminoloy "moral certainty", without
any accompanying language to lend meaning to the term and thereby
lowered the Commonwealth's proof below that of proof beyond
a reasonable doubt in violation of the Petitioner's rights under
the Sixth and Fourteenth Amendments to the United States Constitution.

Ground 12(K): Ground Eleven Supporting Fcats:  That within the
Petitioner's jury instructions defining circumstantial evidence
which were interwoven with the definition of proof beyond a
reasonable doubt as the standard of proof for circumstantial
evidence, the Trial Court utilized the term "moral certainty"
without any accompanying language to lend meaning to the phrase
"moral certainty".  This language lowered the burden of proof
for the Commonwealth to less than proof beyond a reasonable
doubt.  Nor did the general instructions given on proof beyond
a reasonable doubt explain this infirm language in the circumstantial
evidence instructions, which were far removed from one another
the the Trial Court's charge to the jury.  This amounted to
structural error in derogation of the Petitioner's rights under
the Sixth and Fourteenth Amendments to the United States Constitution.

SUPPLEMENTAL PAGE EIGHT

ADDITIONAL GROUNDS RAISED FROM PAGES FIVE AND SIX, PARAGRAPH 12

Ground 12(L): Ground Twelve: The Petitioner's convictions were
obtained by ineffective assistance of Trial Counsel, by Trial
Counsel's failure to observe, object and request proper definitions
on proof beyond a reasonable doubt and the presumption of innocence
to the prospective jurors in this case, pursuant to the mandate
of M.G.L. c. 234, § 28, Trial Counsel failed to properly impeach
the Complainant with damaging  evidence which would have substantially
undermined the Complainant's credibility, as well as to properly
observe and object and raise the grounds as set forth in Grounds
12(I): Ground Nine, Ground 12(J): Ground Ten, and, Ground 12(K):
Ground Eleven, which are all hereby realleged, reaffirmed and
incorporated by reference herein in their entirety, all in derogation
of the Petitioner's rights under the Sixth and Fourteenth Amendments
to the United States Constitution.

Ground 12(L): Ground Twelve Supporting Facts: Trial Counsel
here failed to observe, object to and/or raise: (1) Trial Counsel
failed to ask the Complainant how the Petitioner had known about
certain intimate facts of the Complainant's life and family,
which would have substantially undermined the Complainant's
credibility that the Complainant had been kidnapped and raped
by the Petitioner, where the sole issue to be decided at trial
was the credibility of the Complainant and the Petitioner, and
that the Petitioner's sole defense at trial was that all sexual
encounters between the Complainant and the Petitioner were consensual
and that the Petitioner did not kidnap the Complainant; (2)
Trial Counsel failed to request that the Trial Court instruct
the jury on the definitions of proof beyond a reasonable doubt
and the presumption of innocence to the prospective jurors in
this case under the statutory mandate of M.G.L. c. 234, § 28,
for the purpose of understanding if the jurors could abide by
the above principles of law and that the failure to give such
instructions rendered the statute meaningless and deprived the
Petitioner of the right to impanel and fair and impartial jury
in accordance with statutory mandates; (3) Trial Counsel failed
to question further the Prosecutor's use of race based peremptory
challenges and to further request the Trial Court to seat the
two other previously stricken african-american jurors by the
Prosecution and to seat them, after the Trial Court made a
determination that the third peremptory challenge of an african-
american juror was race based, or to at least seek explanations
and reasons for striking the two previous african-american jurors
for race neutral reasons; (4) Trial Counsel's failure to observe

SUPPLEMENTAL PAGE NINE

ADDITIONAL GROUNDS RAISED FROM PAGES FIVE AND SIX, PARAGRAPH 12

Ground 12(L): Ground Twelve Supporting Facts Continued From Supplemental Page Eight: and object to the Trial Court's instructions to the jury, which broadened the scope of the indictments of kidnapping, which supported the charge of aggravated rape and allowed the jury to convict the Petitioner of aggravated rape based upon a finding of attempted kidnapping, something of which was neither alleged at the grand jury which returned the indictments, nor was any attempt set forth in any indictment returned by the grand jury in accordance with the provisions of M.G.L. c. 274, § 6 for any indictment which charges attempt must allege within the body of the indictment returned; (5) Trial Counsel's failure to observe and object to the unconstitutional and incorrect jury instructions regarding circumstantial evidence, which utilized the language "moral certainty", without any accompanying language which lent meaning to the phrase in accordance with existing law, that the Trial Court within the body of the reasonable doubt instructions did not explain the infirm language within the circumstantial evidence instructions or do so in any other part of the jury instructions to the jury and that the circumstantial evidence instructions were so far removed from the instructions on proof beyond a reasonable doubt, that the jury could have returned a verdict of guilt as to all indictments based upon a standard of proof less than beyond a reasonable doubt, all of which are raised more fully in Grounds 12(I): Ground Nine, Ground 12(J): Ground Ten, as well as Ground 12(K): Ground Eleven, which are all hereby reaffirmed, realleged, and incorporated by reference herein in their entirety in derogation of the Petitioner's rights under the Sixth and Fourteenth Amendments to the United States Constitution.

Ground 12(M): Ground Thirteen: The Petitioner was denied the effective assistance of counsel on appeal, where Appellate Counsel failed to raise at the Petitioner's motion for a new trial and subsequent first direct appeal as of right Trial Counsel's ineffectiveness properly within the motion for a new trial, failed to raise other instances of Trial Counsel's ineffectiveness and failed to raise certain issues on appeal, which were more meritorious than the ones raised on appeal, which would have prevailed in derogation of the Petitioner's right to the effective assistance of counsel prior to and at the Petitioner's first appeal as of right in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

SUPPLEMENTAL PAGE TEN

ADDITIONAL GROUND RAISED FROM PAGES FIVE AND SIX, PARAGRAPH 12

Ground 12(M): Ground Thirteen Supporting Facts: Petitioner's
Appellate Counsel was ineffective prior to, and on the Petitioner's
first direct appeal as of right, where prior to the Petitioner's
direct appeal, Appellate Counsel filed a motion for a new trial,
pursuant to the provisions of Rule 30(b), Mass.R.Crim.P., an
Affidavit of Appellate Counsel, with only a police report attached
to the affidavit and a Memorandum of Law in support of the motion
for a new trial and simultaneously sought and was granted a
stay of the Petitioner's first direct appeal in the Massachusetts
Appeals Court pending the resolution of the Petitioner's motion
for a new trial, for the sole purpose of being able to supplement
the record with claims of ineffective assistance of Trial Counsel
and to be raised in the Petitioner's first appeal as of right.
However, Appellate Counsel failed to secure an affidavit and
facts from Trial Counsel, which would have explained Trial Counsel's
strategy and tactics during trial regading the issues as set
forth in: (1) Ground 12(I): Ground Nine, i.e., Trial Counsel's
failure to question all of the Prosecutor's peremptory challenges
to all of the african-american jurors, who would have been jurors
in the case, especially where the Trial Court made a finding
of a race based challenge to the third african-american juror,
and Trial Counsel's failure to demand race neutral reasons for
the other two previously stricken african-american jurors, where
such omissions allowed only one african-american juror to sit
on the jury in a case, where the Complainant was white and the
Petitioner is african-american; (2) Ground 12(J): Ground Ten,
i.e. to question Trial Counsel's tactics and strategy regarding
the failure to observe and object to the erroneous instructions
to the jury regarding kidnapping utilized for the aggravated
rape conviction, by allowing the Trial Court to charge the jury
on the crime of attempted kidnapping to support the aggravated
rape indictment, which had the effect of broadening the indictment
by jury instructions, where an attempted kidnapping was never
presented to the grand jury or returned and set forth in any
indictment returned by the grand jury in this case, nor was
an attempted kidnapping alleged under any indictment returned
by the grand jury in this case; (3) Ground 12 (K): Ground Eleven,

SUPPLEMENTAL PAGE ELEVEN

ADDITIONAL GROUND RAISED FROM PAGES FIVE AND SIX, PARAGRAPH 12

Ground 12(M): Ground Thirteen Supporting Facts Continued From
Supplemental Page Ten: i.e., to question Trial Counsel's strategy
in failing to observe and object and request corrective instructions
to the jury regarding the unconstitutional and erroneous charge
to the jury regarding circumstantial evidence, where the charge
utilized the words "moral certainty", without any accompanying
language which would have lent meaning to the phrase, that the
Trial Court did not explain this infirm language in any part
of the charge to the jury and that the charge on circumstantial
evidence was so far removed from the reasonable doubt charge
that it could not be linked in any way, thus allowing the
goverment to convict on proof less than beyond a reasonable
doubt utilizing circumstantial evidence; (4) Ground 12(L): Ground
Twelve, i.e. for Trial Counsel to explain the tactics utilized
by the failure to observe, object and raise properly: (a) the
failure to observe and object to erroneous and unconstitutional
jury instructions; (b) failing to make proper objections to the
Prosector's use of race based challenges to all african-american
jurors in a case where the Complainant was white and the Petitioner
was african-american, which allowed only one black juror to
sit on the jury; (c) have Trial Counsel explain why his trial
tactics of not questioning the Complainant about certain intimate
facts, which the Petitioner possessed and how the Petitioner
could have come into possession of those facts, which would have
undermined the Complainant's credibility as to whether the Complainant
had been kidnapped or that the sexual incidents were consensual
and that such information could only have come from the Complainant
herself and that the Grounnds raised here were much more meritorious
than the grounds raised in the motion for a new trial and subsequent
first direct appeal, all such grounds which are hereby realleged,
reaffirmed and incorporated by reference herein in their entirety
deprived the Petitioner of the effective assistance of counsel
on his appeal, and where such grounds, if they had been raised
would have been more successfull than the ones Appellate Counsel
raised in derogation of the Petitioner's rights under the Sixth
and Fourteenth Amendments to the United States Constitution.

SUPPLEMENTAL PAGE TwELVE

ADDITIONAL GROUNDS RAISED FROM PAGES FIVE AND SIX, PARAGRAPH 12

Ground 12(N): Ground Fourteen: That the Petitioner's conviction(s)
were obtained by numerous instructional errors, the exclusion
of african-american jurors by the Prosector which were race
based, the expansion of the indictment by jury instructions
and which was not returned by the grand jury, prosecutorial
misconduct, erroneous impeachment evidence, shifting the burden
of proof and ineffective assistance of trial and appellate counsel,
all of which are set forth more fully in Grounds 12(A): Ground
One through Ground 12(M): Ground Thirteen, inclusive, individually
and cumulatively violated the Petitioner's rights under the
Fifth, Sixth and Fourteenth Amendments to the United States
Constitution.

Ground 12(N): Ground Fourteen Supporting Facts:   That the cumulative
effect of the errors raised within Ground 12(A): Ground One
through Ground 12(M): Ground Thirteen, inclusive, which are
all reaffirmed, realleged and incorporated by reference herein
in their entirety deprived the Petitioner of the right to a
fair trial, due process of law and the right to the effective
assistance of counsel at trial and on appeal in derogation of
the Petitioner's rights under the Fifth, Sixth and Fourteenth
Amendments to the United States Constitution.

SUPPLEMENTAL PAGE THIRTEEN

ADDITIONAL FACTS RAISED FROM PAGE SIX, PARAGRAPH 13

Additional Facts Regarding Non-Exhaustion, Page Six, Paragraph 13
Continued: Ground(s) 12(N): Ground Fourteen, inclusive have
not been presented to any court for the reason that the Petitioner
is unlearned in law, has never filed any document pro se in
court, has been actively seeking the assistance of counsel to
assist him in filing a motion for a new trial or other post-
conviction relief in the Massachusetts State Court, has finally
found someone who will review the issues raised in the above-
unexhausted grounds, that the Petitioner will then, with the
assistance of this attorney from the Committee for Public Counsel
Services file a motion for a new trial, that the statutory one
year deadline for filing this habeas corpus proceeding, including
the ninety day period for filing certiorari in the United States
Supreme Court will expire on March 22, 2005, that the Petitioner
is seeking a stay of the proceedings in this court for the purpose
of returning to state court to exhaust his state court remedies
in accordance with the holding of Gaskins v. Duval, 336 F.Supp.2d
66-71 (D.Mass. 2004) and cases cited therein.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Derek Biggs, Petitioner v.__
__Kathleen M. Dennehy, Commissioner, Mass. Department of Correction,__
__For Commonwealth of Massachusetts, Respondent__

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

    ____   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ____   II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                   740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

    ____   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                   315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                   380, 385, 450, 891.

    XX   IV.   220, 422, 423, 430, 460, 510, (530), 610, 620, 630, 640, 650, 660,
                   690, 810, 861-865, 870, 871, 875, 900.

    ____   V.    150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

    __No prior actions in this court__

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?
                                    YES     NO XXX

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)
                                    YES     NO XXX

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                    YES     NO  XXX

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?
                                    YES     NO  XXX

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                    YES XXX     NO

    A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION  XXX     CENTRAL DIVISION         WESTERN DIVISION

    B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
        GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION         CENTRAL DIVISION         WESTERN DIVISION

(PLEASE TYPE OR PRINT) _Derek Biggs_
ATTORNEY'S NAME __Derek Biggs, pro se - W-66551, North Central Correctional__
ADDRESS __Institution, 500 Colony Road - P.O. Box 466, Gardner, MA.__       __01440__
TELEPHONE NO. __None - Prisoner is incarcerated__

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Derek Biggs, pro se

## DEFENDANTS

Kathleen M. Dennehy, Commissioner of Corrections for the Commonwealth of Massachusetts,

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF __Suffolk__
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT __Worcester__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Derek Biggs, pro se W-66551
North Central Correctional Institution
500 Colony Road - P.O. Bos 466
Gardner, MA. 01440

ATTORNEYS (IF KNOWN)

Thomas F. Reilly, Attorney General For the Commonwealth of Massachusetts
One Ashburton Place - 20th Floor
Boston, MA. 02108

## II. BASIS OF JURISDICTION   (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                            AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | |

**PERSONAL INJURY**
☐ 362 Personal Injury – Med. Malpractice
☐ 365 Personal Injury – Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
☒ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Habeas Corpus Petition By Person in State Custody - 28 U.S.C. § 2254 who is challenging the legality of his convictions

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S)  (See instructions):
IF ANY   None

JUDGE _____

DOCKET NUMBER _____

DATE
March 10, 2005

SIGNATURE OF ATTORNEY OF RECORD

Derek Biggs, pro se

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____