UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
DEREK BIGGS,                  )
      Petitioner,             )
                              )
v.                            )    Civil Action No. 05-10503-JLT
                              )
KATHLEEN DENNEHY,             )
      Respondent.             )
_____)
```

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS
AND IN OPPOSITION TO PETITIONER'S REQUEST FOR STAY**

Petitioner Derek Biggs pleads that he is currently imprisoned after being convicted of three counts of aggravated rape, three counts of rape, and kidnaping. Pet. at ¶ 4. In his habeas corpus petition, Petitioner raises fourteen grounds for relief, but concedes that only eight of the grounds have been exhausted by presentation to the state courts, as required by 28 U.S.C. § 2254(b)(1)(A). Pet. at ¶ 13.[1] Petitioner seeks not habeas corpus from this Court, but rather an indefinite stay, extending the statute of limitations for him to seek such relief in the future. *Id.*

The United States Supreme Court has recently made clear that a stay of a mixed petition like this one should only be granted in unusual circumstances, because the routine grant of stays pending state court exhaustion undermines the purposes of the statute of limitations and the exhaustion requirement. *Rhines v. Weber*, 125 S. Ct. 1528, 2005 WL 711587 at *6. A mixed petition thus may only be stayed where Petitioner demonstrates good cause for the failure to exhaust the claims prior to filing the federal petition. *Id.* Petitioner offers no such cause, indicating that he did not pursue

---

[1] This Court's order of March 21, 2005, requires a response to the petition by today. The order also requests that Respondent file a portion of the State court record as to the issue of exhaustion. Counsel has requested, but not yet received those documents, and will file them when they are received and duplicated. As noted, however, Petitioner concedes that the petition has not been exhausted.

his state remedies because he was unlearned in the law and had never filed a *pro se* pleading before. If this were good cause, then the exception would swallow the rule, requiring the State to appoint post-conviction counsel in every case, if it ever wished to achieve the reasonably speedy finality that AEDPA prescribes. Treating Petitioner's *pro se* status as good cause here is especially inappropriate, since Petitioner was apparently represented by counsel for at least one previous round of post-conviction proceedings. Pet. at ¶¶ 11, 15.[2] Petitioner has failed to show good cause for failing to exhaust his state court remedies prior to filing this Petition, and a stay here would undermine the policies that the Supreme Court has made clear are served by § 2254(b)(1)(A).

The petition should be dismissed, or in the alternative, Petitioner should be required to withdraw his unexhausted claims and proceed on the claims properly before this Court.

        Respectfully submitted,

        THOMAS F. REILLY
        ATTORNEY GENERAL

        /s/ David M. Lieber
        David M. Lieber (BBO# 653841)
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts 02108
        (617) 727-2200 ext.2827

        ATTORNEYS FOR RESPONDENT

Dated: April 12, 2005

---

[2] A stay is also improper where the claims are plainly meritless. Here, the unexhausted claims all appear to be ones that could have been raised on appeal, or in a prior post-conviction motion. Unless Petitioner can demonstrate why these claims are not procedurally defaulted, no stay should be allowed.