UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
_____
                             )
DEREK BIGGS,                 )
     Petitioner,             )
                             )
     v.                      )   CIVIL ACTION NO. 2005-CV-10503-JLT
                             )
KATHLEEN M. DENNEHY,         )
     Respondent,             )
_____)
```

PETITIONER, DEREK BIGGS' SECOND MOTION FOR
ENLARGEMENT OF TIME TO FILE REPLY/RESPONSE AND
OTHER ANCILLARY MOTIONS, PURSUANT TO RULE 6(b)(1),
FED.R.CIV.P., AS WELL AS LOCAL RULE(S) 7.1(B)(2)
AND 40.3(A), OF THE LOCAL RULES OF THE UNITED STATES
DISTRICT COURT FOR THE COMMONWEALTH OF MASSACHUSETTS

Now comes the Petitioner, Derek Biggs in the above-entitled habeas corpus proceeding, who respectfully moves this Honorable Court, pursuant to Rule 6(b)(1), of the Federal Rules of Civil Procedure, as well as Local Rule(s) 7.1(B)(2) and 40.3(A) for a second enlargement of time up and until July 15, 2005 to file Petitioner's Response/Opposition and other ancillary motions to Respondent's April 12, 2005 Motion to Dismiss and Opposition to Petitioner's Request for Stay of Habeas Corpus Proceedings. As grounds for this Motion, the

-1-

Petitioner states that: (1) the Reply/Response to the Respondent's Motion to Dismiss and Opposition to Petitioner's Request for a Stay of Habeas Corpus Proceedings is due on May 27, 2005 as a result of a previous request for enlargment of time, which had been allowed by this Honorable Court on April 28, 2005, which is paper number 7 on the docket; (2) that this second request for an enlargement of time is being filed prior to the expiration of the May 27, 2005 deadline, pursuant to Local Rule 7.1(B)(2) of the Local Rules of the United States District Court for the District of Massachusetts(hereinafter "Local Rules"); (3) that due to circumstances beyond Petitioner's control on April 20, 2005, Petitioner underwent major surgery for his sinuses, as well as other procedures on his nose, and as a resukt of complications, was housed ina Health Services Unit at the Sousa-Baranowski Correctional Center, Shirley, MA. until April 28, 2005 when he was returned to his current place of confinement; (4) that although the Petitioner knew that he was scheduled for that surgery, he was not aware of the date, due to security precautions and therefore not informed of the date of the scheduled

surgery until 10:00 P.M. the night before; (5) that after returning to his current place of confinement, he had suffered from complications of anesthesia, was sick for two weeks after and had problems with his memory, which was about a week longer than anticipated from his surgeon; (6) that the Petitioner will be required to go to a follow up appointment shortly, but again does not know the date, due to security reasons; (7) that the Petitioner's previous sought and allowed request for an enlargement of time was sought for two distinct reasons, i.e. to heal from the surgery and to research, draft and submit a response to the Respondent's Motion to Dismiss and Opposition toPetitioner's request for a Stay of Habeas Corpus Proceedings and also to address the recent criteria set down by the United States Supreme Court in <u>Rhines v. Weber</u>, 125 S.Ct. 1528, 2005 WL 711587 (2005); (8) that the Petitioner and the person assisting him and drafting all documents submitted thus far has been unable to complete the research in order to draft the above-response/opposition and other pleadings due to numerous closings of the prison law library,

-3-

which has been an ongoing problem, which the Respondent and her subordinates have continually refused to correct, notwithstanding the Petitioner's filing numerous grievances on the matter, as well as corresponding with the Respondent directly, who has also refused to even answer the Petitioner's correspondence, never mind to attempt to correct the problem, copies of the grievances submitted, the responses to the grievances, as well as the correspondence to the Respondent are attached hereto as Exhibit 1, which are hereby made part of this motion and which are incorporated by reference herein; (9) that this further and hopefully last request for an enlargement of time is not being sought for the purpose of delay, but due to the above-circumstances beyond the Petitioner's control and the conduct of the Respondent; and, (10) that the Respondent will not be prejudiced by the allowance of this motion, since the Respondent is ultimately responsible for the denial of access to the prison law library and her subordinates.

    WHEREFORE, the Petitioner prays that this Honorable Court allow the relief sought herein this motion and

allow the Petitioner this second enlargement of time up and until July 15, 2005 to file a response/opposition to Respondent's Motion to Dismiss and the Commonwealth's Opposition to Petitioner's request for a Stay of the Hebeas Corpus Proceedings and to file certain ancillary motions.

                                Respecfully submitted,

                                Derek Biggs, pro se
                                North Central Correctional Institution
                                500 Colony Road - P.O. Box 466
                                Gardner, MA. 01440

DATED: MAY 20, 2005
       GARDNER, MA.

## CERTIFICATE OF SERVICE

    I, Derek Biggs do hereby certify that on this 20th day of May, 2005, I served a true copy of this document and attachments upon the Respondent, by mailing a copy of the same, postage prepaid to Respondent's Attorney of Record, David M. Lieber, Esq., Assistant Attorney General for the Commonwealth of Massachusetts, Criminal Bureau, One Ashburton Place, Boston, MA. 02108.

                                Derek Biggs, pro se

FORM "A"

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE FORM**

Exhibit 1

| INMATE'S NAME: Derek Biggs | INMATE'S #: W#66551 | DATE: 11/15/04 |
|---|---|---|
| INSTITUTION: North Central Corr. Insit. | DATE OF INCIDENT: 11/15/04 | |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in **Block A**.
3. In **Block B**, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in **Block C**. Be sure to include the identity of staff members you have contacted.
5. Provide a Requested Remedy in **Block D**.

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select **Emergency and one additional grievance type.**

_____ **EMERGENCY**

**B.** Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary.

   Since, Ms. Mc Mcarthy retirement from the Librian position the closing of the library at times on the first shift and regularly on the second shift has become a normal occurence limiting access to the law library section. See. Attachment.

   In fact, it's closed once again tonight and on the other following dates and time slots not listed because they're recent as follows: November 6, 2004 from 6pm to 8:40pm
                              November 8, 2004 from 6pm to 8:40pm
                              November 12, 2004 from 6pm to 8:40pm.

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.

**D.** Provide your Requested Remedy.

   1. Post the position internally throughout DOC to make known it's vacany and need to be filled.

Inmate's Signature _Derek Biggs_ Date: 11/15/04

Staff Recipient _____ Date: _____

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

Exhibit 1

**These are the following dates which the library was closed as fol lows:**

```
March 26, 2004 from: 6pm to 8:40pm
April 9, 2004, from 6pm to 8:40pm
April 19, 2004, from: 6pm to 8:40pm
April 22, 2004, from: 6pm to 8:40pm
April 21, 2004, from: 6pm to 8:40pm
April 24, 2004, from: 6pm to 8:40pm
April 23, 2004, from: 6pm to 8:40pm
April 29. 2004, from: 9am to 10:50am and 1pm to 2:40pm
May 6, 2004, from: 6pm to 840pm
May 9, 2004, from: 1pm to 2:40pm and 6pm to 8:40pm
May 11, 2004, from: 9am to 10:50am and 1pm to 2:40pm
May 19, 2004, from: 9am to 10:50am and 1pm to 2:40pm
May 23, 2004, from: 6pm to 8:40pm
May 27, 2004, from: 9am to 10:50am and 1pm to 2:40pm
June 5, 2004, from: 9am to 10:50am
June 17, o4, from: 9am to 10:50am and 1pm to 2:40pm
July 3, 04, fr. 9am to 10:50am, 1pm to 2:40pm and 6pm-8:40pm
July 13, 04, from: 9am to 1050am 1pm to 2:40pm
July 15, 04, from: 6pm to 8:40pm
July 17, 04, from: 6pm to 8:40pm
July 19, 04, from 6pm to 8:40pm
July 23, 04, from: 6pm to 8:40pm
July 24, 04, from 6pm to 8:40pm
July 29, 04, from: 6pm to 8:40pm
July 30, 04, from: 6pm to 8:40pm
July 31, 04, from: 9am to 10:50am and 1pm to 2:40pm
August 2, 04, from: 6pm to 8:40pm
Aug 5, 04 from: 6pm to 8:40pm
Aug 8, 04 from: 6pm to 8:40pm
Aug 11, 04 from: 6pm to 8:40pm
Aug 13, 04 from: 1pm to 2:40pm and 6pm to 8:40pm
Aug 14, 04 from: 6pm to 8:40pm
Aug 25, from: 6pm to 8:40pm
Aug 26, 04 from: 6pm to 8:40pm
Aug 27, 04, from: 6pm to 8:40pm
Aug 28, o4, from: 6pm to 8:40pm
September 6, 04 Fr: 9pm to 10:50am, 1pm to 2:40pm and 6-8:40
Sept 10, 04 from: 6pm to 8:40pm
Sept 11, 04 from: 6pm to 8:40pm
Sept 14, 04 from: 6pm to 8:40pm
Sept 15, 04 from: 6pm to 8:40pm
Sept 16, 04 from: 6pm to 8:40pm
Sept 23, 04 from: 6pm to 8:40pm
October 2, 04 from: 6pm to 8:40pm
Oct 23, 04 from: 6pm to 8:40pm
Oct 31, 04 from: 6pm to 8:40pm
Nov 4, 04 from: 6pm to 8:40pm
Nov 5, 04 from: 6pm to 8:40pm
Nov 6, 04 from: 6pm to 8:40 pm
```

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

Exhibit 1

| Field | Value | Field | Value |
|---|---|---|---|
| Name | BIGGS DEREK | Grievance# | 6812 |
| | | Institution | NCCI GARDNER |
| Commit No. | W66551 | Housing | THOMPSON-3 |
| | | Date Of Incident | 20041115 |
| | | Date Of Grievance | 20041115 |

**Complaint:** Since Ms. McCarthy's retirement from the Librarian position the closing of the Library at times on the first shift and regulary on the second shift has become a normal occurance limiting access to the Law Library section. In fact it's closed once again tonight and on the other following dates and time slots. (see attached sheet for dates)

**Remedy Requested:** Post the position internally throughout DOC to make known it's vacancy and need to be filled.

**Staff Recipient:** Winn William F  CPO III

**Staff involved:**

**Signature:**

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received:** 20041116   **Decision Date:** 20041118

**Signature:** Winn William F  CPO III

**Final Decision:** APPROVED

**Decision:** The position has already been posted and applicants were interviewed on 11/16/2004. Once the selection and approval process has been complete, and the selected applicant accepting the position, NCCI will have a full time Librarian.

**Signature:** [signed]   **Date:** 11/18/04

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

### INMATE RECEIPT

| Field | Value | Field | Value |
|---|---|---|---|
| Name | BIGGS DEREK | Institution | NCCI GARDNER |
| Commit No. | W66551 | Grievance# | 6812 |
| | | Date Received | 20041116 |

**Signature:** Winn William F  CPO III

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
#### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

Exhibit 1

| | | | |
|---|---|---|---|
| **Name** | BIGGS DEREK | **Grievance#** 8552 | **Institution** NCCI GARDNER |
| **Commit No.** | W66551 | **Housing** THOMPSON-3 | **Date Of Incident** 20050205  **Date Of Grievance** 20050215 |

**Complaint:** Since the retirement of Ms. McCarthy over a year and a half ago from the Librarian position the closing of the library at times on the first shift and on a regular basis on the second shift has strained my access to the law library. See attachment and grievance #6812. The follow dates and time slots are the are listed from earliest dates of the library closing to February 5, 2005, as follows: November 12, 15, 18, 19, 20, (6pm to 8:40 pm) 26 (all day), 27, 29 (6pm to 8:40 pm), December 3, 9, 23, 24, 27, 30 (6pm to 8:40 pm, inclusive) January 3, 8, 13, 14, 15, 17, 19, 20, 21, 22, 24, 28, 29 (6pm to 8:40 pm inclusive) Feb 3 (1pm to 2:40 pm) Feb 4, 5 (6pm to 8:40 pm)

**Remedy Requested:**
1) post librarian position in local papers (i.e. Springfield and Worcester papers as well as Boston Globe.)
2. post position internally.

**Staff Recipient:** Winn William F  CPO III

**Staff Involved:**

**Signature:**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received:** 20050216    **Decision Date:** 20050225

**Signature:** Winn William F  CPO III

**Final Decision:** APPROVED

**Decision:** According to Deputy Mendonsa, who received his information from the DOC Director of Library Services, this postion has been advertised in Boston Area and Worcester Area newspapers, the DOC intranet, the MassGOV employment web site and Librarian specific websites. Interviews are scheduled for early March and it is hoped, if the process moves along smoothly, to have a full time librarian on board by April.

**Signature:** [signed]    **Date:** 2/25/05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

## INMATE RECEIPT

| | | | |
|---|---|---|---|
| **Name** | BIGGS DEREK | **Institution** | NCCI GARDNER |
| **Commit No.** | W66551 | **Grievance#** 8552    **Date Received** 20050216 | |

**Signature.** Winn William F  CPO III

FORM "A"

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF CORRECTION**
**INMATE GRIEVANCE FORM**

Exhibit 1

| INMATE'S NAME: Derek Biggs | INMATE'S #: W#66551 | DATE: 3/10/05 |
|---|---|---|
| INSTITUTION: NCCI, Gardner | | DATE OF INCIDENT: March 9, 2005 |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in Block A.
3. In Block B, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in Block C. Be sure to include the identity of staff members you have contacted.
5. Provide a Requested Remedy in Block D.

**A.** Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select Emergency and one additional grievance type.

_____ EMERGENCY

**B.** Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary.

The content of this grievance is as follows: On March 7, 2005, and March 9, 2005, the Library was closed from 6:00pm to 8:40pm. Barring any unforeseen emergency (i.e. snowstorm on March 8, 2005) the library should not be close especially since it is legally mandated and because once more it has been closed for three weeks and guys irregardless of the incoherent memo put out were given 3½ days notice of such closure.

Whenever, the library is closed and the question is posed to staff (down the hill) the response is "go to happy hour" and "We close it [library] hoping a inmate will sue and maybe they will hire more CO's".
Furthermore, other programs are open the Gym and E-Building on the second shift.

**C.** List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.
Filed a grievance on or about 11/15/04 grievance#:6812 and recently I filed another grievance on or about 2/5/05 both are attached to this grievance.

**D.** Provide your Requested Remedy.
1. The library is the top priority to be opened on the second shift rather on all shifts.
NOTE: Access to the Law Library is a mandatory right and not a privilege a product of a court settlement by two inmates and the DOC, moreover it's a constitutional right.

Inmate's Signature _Derek Biggs_    Date: 3/10/05

Staff Recipient _____    Date: _____

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

Exhibit 1

| | | | | | | |
|---|---|---|---|---|---|---|
| **Name** | BIGGS DEREK | **Grievance#** 9031 | | **Institution** | NCCI GARDNER | |
| **Commit No.** | W66551 | **Housing** THOMPSON-3 | | **Date Of Incident** 20050309 | **Date Of Grievance** | 20050310 |

**Complaint:** On 3/7/05 and 3/9/05, the library was closed from 6:00 pm to 8:40 pm. Barring any unforseen emergency (i.e. snowstorm on 3/8/05) the library should not close especially since it is legally mandated and because once more it has been closed for three weeks and guys irregardless of the incoherent memo put out were given 3 1/2 days notice of such closure. Whenever the library is closed and the question is posed to staff (down the hill0 the response is "go to happy hour" and "we close it (library) hoping a inmate will sue and maybe they will hire more C.O.'s. Furthermore, other programs are open the gym and E-Building on the second shift.

**Remedy Requested:** 1. The library is the top priority to be opened on the second shift rather on all shifts. Note: Access to the Law Library is a manditory right and not a privilege a product of a court settlement by two inmates and the DOC, moreover, it's a constitutional right.

**Staff Recipient:** Winn William F  CPO III

**Staff Involved:**

**Signature:**

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050314   **Decision Date** 20050324

**Signature** Winn William F  CPO III

**Final Decision** PARTIAL APPROVAL

**Decision:** I direct your attention to 103 DOC 472 : Inmate Access to Recreational Programs and Leisure Activities. Specifically, I refer you to: 103 DOC 472.02, 1, which states:
1. General - It is the policy of the Massachusetts Department of Correction to provide inmates within its custody equal access to recreational and leisure time opportunities and equipment, including, when the climate permits, outdoor exercise. However, such access may be restricted when the security of the correctional institution, inmates or staff is threatened.

As has been stated in responses to your other grievance regarding this matter, security needs of the institution supercede all others. Critical areas of the institution will receive priority for coverage. Unfortunate as the present situation may be, other less critical of the institution must be shut down to maintain the security of the institution. This practice has become necessary and, will undoubtly continue until such a time that a full time librarian is hired and/or the second shift is staffed adequately enough to provide coverage to all areas of the institution. As you are well aware, both E-Building and the Gym, have been closed down on the second shift as well due to less than adequate staffing. The institution will continue to make every effort to keep the Library open at all reasonable times.

**Signature:** [signed]   **Date** 3/24/05

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

Exhibit 1

                        Derek Biggs - W-66551
                        North Central Correctional Insitution
                        500 Colony Road - P.O. Box 466
                        Gardner, MA. 01440-0466

May 1, 2005

Ms. Kathleen Dennehy, Commissioner Of Corrections
50 Maple Street., Suite #3
Milford, Mass 01757-3698

    Re:  Closing Of The Law Library And
          The Failure To Have A Law Library
          <u>Course Which Renders Access To The Courts.</u>

Dear Ms. Dennehy:

    This letter is in regard to the steady closing of the law library. I have filed several grievances and spoke with Deputy Superintendent Mendonsa at "staff access" were the problem was acknowledged. The administration however refuses to take notice of or accept that Gardner has been without a librarian for two (2) years; in fact, when this insitution had their annaul yearly inspection for accreditation a librarian was brought in from Norfolk to gave a appearence of a functionary Library, however, when the insitutional inspection concluded Ms. Sweeney services ended at Gardner.

    To date the O'Brien administration continues a band aid approach to the solution. Further, since the departure of Ms. Mc Carthy the Law Library courses which were annually provided have stopped and this adminstrations refuses to approve the classes even though there are inmates willing too teach the class. The Law Library course was a introduction to the law library, legal research, writing and access to the courts. This course would afford prisoners with a foundation and a road map to help themselves with Post-Conviction issues or if they're pro'se how to petition the court for counsel.

    Since, I brought my complaints to "staff access" and filed grievances identifying the dates and times of the library closing the closings have increased; yet, the E-building and other daily activities which are not consitutionally mandated are open thus straining access to the court.

Exhibit 1

LTTR: Ms. Kathleen Dennehy, Commissioner Of Corrections
Re: Library Closings
Date: May 1, 2005
Page Two


	The time and dates I do provide to you do not incorporate the three (3) weeks the library was closed for renovations in which the administration per memo limited copies and access to prisoners with civil and criminal proceedings due at the court. Please advise.

	Thank you for your help and I look forward to hearing from your office.


					Respectfully Yours,

					[signature]
					Derek Biggs