UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK BIGGS,<br>    Petitioner,<br><br>v.<br><br>KATHLEEN M. DENNEHY, COMMISSIONER<br>FOR THE MASSACHUSETTS DEPARTMENT<br>OF CORRECTION FOR THE COMMONWEALTH<br>OF MASSACHUSETTS,<br>    Respondent, | CIVIL ACTION NO.<br>2005-CV-10503-JLT |

PETITIONER, DEREK BIGGS' FINAL REQUEST FOR
ENLARGEMENT OF TIME TO FILE REPLY/RESPONSE AND
OTHER ANCILLARY MOTIONS, PURSUANT TO RULE 6(b)(1),
FED.R.CIV.P., AS WELL AS LOCAL RULE(S) 7.1(B)(2) AND
40.3(A), OF THE LOCAL RULES OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Now comes the Petitioner, Derek Biggs in the above-entitled habeas corpus proceeding, who respectfully moves this Honorable Court, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, as well as Local Rule(s) 7.1(B)(2) and 40.3 for a final enlargement of time up and until July 22, 2005 to file Petitioner's Response/Opposition and other ancillary motions to Respondent's April 12, 2005 Motion to Dismiss and the Respondent's Opposition to Petitioner's Request

-1-

for a Stay of the Hebeas Corpus Proceedings. As grounds for this Motion, the Petitioner states that: (1) the Reply/Response to the Respondent's Motion to Dismiss and Opposition to Petitioner's Request for a Stay of the Habeas Corpus Proceedings is due on July 15, 2005, as a result of a previous second request for enlargement of time, which had been allowed by this Honorable Court; (2) that this final request for enlargement of time is being filed prior to the July 15, 2005 deadline, pursuant to Local Rule 7.1(B)(2) of the Local Rules of the United States District Court for the District of Massachusetts(hereinafter "Local Rules"); (3) that this final enlargment of time is only seeking a seven additional day enlargement of time over the last requested July 15, 2005 request for enlargement of time; (4) that this final enlargement of time is required due to the conditions of the routine closing of the prison law library, as outlined previously with attached exhibits in the Petitioner's Second Request for Enlargement of time, pages 2-4 of that pleading with Exhibits attached, which are hereby realleged, reaffirmed and incorporated by reference

herein, which need not be repeated here to avoid redunancy; (5) that the Petitioner has already completed the Oppositionm, Annexed Affidavit and other motions and is halfway complete with the Memorandum of Law, but due to the fact that some revisions had to be rewritten, that a little more research must be conducted and all documents proof read, the Petitioner requests this final enlargment of time for one week; (6) that the Petitioner and the other person who is assistang him have been working diligently to finish this reponse and the last enlargment of time is not sought for the purpose of delay, but only due to circumstances beyond the Petitioner's control; (7) that the Respondent will not be prejudiced by this final request for enlargement of time, since the Respondent is ultimately responsible for the denial of access to the prison law library and her subordinates.

    WHEREFORE, the Petitioner prays that this Honorable Court allow the relief sought herein this motion and allow the Petitioner this final enlargement of time up and until July 22, 2005 to file his Response/Opposition and other ancillary motions with this Honorable Court.

>Respectfully submitted,
>
>*/s/ Derek Biggs/*
>Derek Biggs, pro se
>North Central Correctional Institution
>500 Colony Road - P.O. Box 466
>Gardner, MA. 01440

DATED: JLUY 12, 2005
       GARDNER, MA.

### CERTIFICATE OF SERVICE

    I, Derek Biggs do hereby certify that on this 12th day of July, 2005, I served a true copy of this document upon the Respondent, by mailing a copy of the same, postage prepaid to Respondent's attorney of record, David M. Lieber, Esq., Assistant Attorney General for the Commonwealth of Massachusetts, criminal Bureau, One Ashburton Place, Boston, MA. 02108.

                                 */s/ Derek Biggs/*
                                 Derek Biggs, pro se