UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
_____
                              )
DEREK BIGGS,                  )
     Petitioner,              )
                              )
     v.                       )   CIVIL ACTION NO.
                              )   2005-CV-10503-JLT
KATHLEEN M. DENNEHY, COMMISSIONER )
FOR THE MASSACHUSETTS DEPARTMENT )
OF CORRECTION FOR THE COMMONWEALTH )
OF MASSACHUSETTS,             )
     Respondent,              )
_____)
```

PETITIONER, DEREK BIGGS' OPPOSITION TO RESPONDENT'S
MOTION TO DISMISS AND REQUEST FOR STAY OF HABEAS
CORPUS PROCEEDINGS

Now comes the Petitioner, Derek Biggs in the above-entitled habeas corpus proceeding, who respectfully moves this Honorable Court to deny the Respondent's Motion to Dissmiss on lack of exhaustion grounds and to grant the Petitioner's request to stay the habeas corpus proceedings in this case, while the Petitioner returns to the state court to exhaust his avilable state remedies on Grounds 12(I) Ground Nine through 12(N): Ground Fourteen, inclusive located on Supplemental pages Six through Twelve, inclusive of the Petitioner's habeas corpus proceeding in accordance with this Honorable

-1-

Court's holding in <u>Rhines v. Weber</u>, 544 U.S. __, 161 L.Ed.2d 440, 125 S.Ct. 1528 (2005); <u>Pace v.DiGuglielmo</u>, 544 U.S.__, ___, 161 L.Ed.2d 669, 678, 125 S.Ct. ___, ___ (2005); <u>Duncan v. Taylor</u>, 533 U.S. 167, 183, 192 (2001)(Stevens, J. concurring, joined by Souter, J.)(Bryer, J. dissenting, joined by Justice Ginsburg); <u>Neverson v. Farquharson</u>, 366 F.3d 32, 42-43 (1st Cir. 2004).

As grounds for the Opposition to Respondent's Motion to Dismiss and in support of the Petitioner's request for a stay of the habeas corpus proceedings in this case, the Petitioner states that such a stay and abeyance procedure would be necessary in this case for the Petitioner to return to the state court to exhaust his unexhausted claims as set forth herein, so that the Petitioner will not be time barred when he returns to this Honorable Court with the claims exhausted, that such claims for which the Petitioner seeks to return to state court with are meritorious, that the reason for the failure to raise the claims before in state court was due to ineffective assistance of trial and appellate counsel, that the Petitioner had not engaged in intentional dilitory tactics, thus

this Honorable Court should stay the habeas corpus proceedings and not dismiss the petition. <u>Pace v. Diguglielmo</u>, 544 U.A. at __, 161 L.Ed.2d at 678, citing <u>Rhines v. Weber</u>. That the further grounds for this Opposition/Motion are set forth more fully in the attached Annexed Affidavit of the Petitioner and Memorandum of Law in Opposition to Respondent's Motion to Dismiss and in Support of request for stay of habeas corpus proceedings and request for counsel, which are hereby made part of this Opposition/Motion and incorporated by reference herein.

WHEREFORE, the Petitioner prays that this Honorable Court allow the relief sought herein this Opposition/Motion and deny the Respondent's Motion to Dismiss and allow the Petitioner's request for a stay of the habeas corpus proceedings in this case on any terms set by this Honorable Court.

>Respectfully submitted,
>*Derek Biggs*
>Derek Biggs, pro se
>North Central Correctional Institution
>500 Colony Road - P.O. Box 466
>Gardner, MA. 01440

DATED: JULY 19, 2005
       GARDNER, MA.

## CERTIFICATE OF SERVICE

    I, Derek Biggs do hereby certify under the pains and penalties of perjury this 19th day of July, 2005, that I served a true copy of this document upon the Respondent, by mailing a copy of the same, postage prepaid to Respondent's counsel of record, David M. Lieber, Esq., Assistant Attorney General for the Commonwealth of Massachusetts at counsel's respective address at: Attorney General's Office, Criminal Bureau, One Ashburton Place, Boston, MA. 02108.

*Derek Biggs* (signature)
Derek Biggs, pro se
North Central Correctional Institution
500 Colony Road - P.O. Box 466
Gardner, MA. 01440