UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK BIGGS,<br>    Petitioner,<br><br>    v.<br><br>KATHLEEN M. DENNEHY, COMMISSIONER<br>FOR THE MASSACHUSETTS DEPARTMENT<br>OF CORRECTION FOR THE COMMONWEALTH<br>OF MASSACHUSETTS,<br>    Respondent, | CIVIL ACTION NO.<br>2005-CV-10503-JLT |

PETITIONER, DEREK BIGGS' MOTION TO EXCEED TWENTY
PAGES OF MEMORANDUM/OPPOSITION, PURSUANT TO LOCAL
RULE 7.1(B), OF THE LOCAL RULES OF THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

Now comes the Petitioner, Derek Biggs in the above-entitled habeas corpus proceeding, who respectfully moves this Honorable Court, pursuant to Local Rule 7.1(B) of the Local Rules of the United States District Court for the District of Massachusetts, to allow him to exceed the twenty page limit in his Opposition to Respondent's Motion to Dismiss and Memorandum of Law in Support of Petitioner's Request for Stay of Habeas Corpus Proceedings and Request for the Appointment of Counsel. As grounds for this Motion, the Petitioner

-1-

states that: (1) this is the first pleading in this habeas corpus proceeding, which opposes the Respondent's Motion to Dismiss for the failure to exhaust state remedies on certain issues contained within the Petition for a writ of habeas corpus and that this Opposition/ Memorandum of Law addresses the opposition, is in support of Petitioner's Request for a Stay of the Habeas Corpus Proceedings and is in Support of Petitioner's Request for the Appointment of Counsel; (2) that the Respondent has yet to attach the State Court Record, Transcripts and other relevant documents in its response and therefore Petitioner has set forth a full Statement of the Proceedings, as well as a full Statement of Relevant Facts, in order for this Honorable Court to properly address the issues presented in this case, prior to issuing a ruling; (3) that the Statement of the Prior Proceedings and Relevant Statement of the Facts encompases approximately twenty-seven pages; (4) that in light of the recent holding of <u>Rhines v. Weber</u>, 544 U.S. ___, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005), which for the first time sanctioned the use of a "protective writ" being filed and setting

forth new guidelines for the "stay and abeyance" procedure, additional pages were required to set forth and present this new standard to this Honorable Court; (5) that in addition to the standard of review outlined in the Petitioner's Opposition/Memorandum of Law, additional pages were required to address the reasons why the Petitioner did not exhaust his state remedies in the first instance, as well as setting forth the actual issues in summary form to show that the issues are meritorious, all of which required additional pages of the Opposition/Memorandum of Law to make the required showing under Rhines v. Weber; (6) that the Petitioner is pro se and even with the assistance of a paralegal inmate who is drafting the pleadings in Petitioner's behalf, the Petitioner is making a good faith attempt to comply with the holding in Rhines v. Weber, without other cases, which would interpret this new ruling for the "stay and abeyance" procedure; (7) that the Petitioner has made numerous attempts to summarize further the Opposition/Memorandum of Law but its final form still exceeds the twenty page limit; (8) that

the interest of justice would be served by the allowance of this request to exceed the twenty page limit in order to allow this Honorable Court to have full and complete arguments on the circumstances of this case, as well as to access the meritorious issues presented in order to make an informed decision as to whether this Honorable Court will allow the stay of the habeas corpus proceedings in accordance with <u>Rhines v. Weber</u>.

WHEREFORE, Petitioner prays that this Honorable Court allow the relief sought herein this motion and allow the Petitioner to exceed the twenty page limit of opposition/Memorandum of Law under the unique circumstances of the first impression issue involved.

Respectfully submitted,

*Derek Biggs*
Derek Biggs, pro se
North Central Correctional Institution
500 Colony Road - P.O. Box 466
Gardner, MA. 01440

DATED: JULY 19, 2005
       GARDNER, MA.

### CERTIFICATE OF SERVICE

I, Derek Biggs do hereby certify under the pains and penalties of perjury this 19th day of July, 2005, that I served a true copy of this document upon the Respondent in this case, by mailing a copy of the same, postage prepaid to Respondent's attorney of record, David M. Lieber, Esq., assistant Attorney General for the Commonwealth of Massachusetts, Criminal Bureau, One Ashburton Place, Boston, MA. 02108.

*Derek Biggs*
Derek Biggs, pro se