# United States District Court
# District of Massachusetts

DEREK BIGGS,
    Petitioner,

V.                                                     CIVIL ACTION NO. 2005-10503-JLT

KATHLEEN M. DENNEHY, ETC.,
    Respondent.

## REPORT AND RECOMMENDATION ON RESPONDENT'S MOTION TO DISMISS (#4) AND PETITIONER'S REQUEST FOR A STAY OF HABEAS CORPUS PROCEEDINGS (#11)

COLLINGS, U.S.M.J.

    Petitioner acknowledges that the petition he has filed is a "mixed" petition containing both claims which have been exhausted in state court and claims

which have not.[1] The respondent seeks to have the petition dismissed on that ground. *See* #4. Petitioner seeks a stay of action on the petition in order that he may exhaust the unexhausted claims in state court. *See* #11. The issue is governed by the Supreme Court's recent decision in the case of *Rhines v. Weber,* ___ U.S. ___, 125 S.Ct. 1528 (March 30, 2005).

In the *Rhines* case, Justice O'Connor wrote that:

> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. *Cf. Duncan, supra,* at 180, 121 S.Ct. 2120 ("[D]iminution of statutory incentives to proceed first in state court would ... increase the risk of the very piecemeal litigation that the exhaustion requirement is designed to reduce").
>
> For these reasons, stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court

---

[1] Petitioner lists the unexhausted claims as those set forth in grounds 9 through 14 of his Petition (¶¶ 12(I) through 12(N)); the respondent appears to agree with this characterization. *See* Memorandum of Law, Etc. (filed 4/12/2005) at p. 1.

determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. A mixed petition should not be stayed indefinitely. Though, generally, a prisoner's "principal interest ... is in obtaining speedy federal relief on his claims," *Lundy, supra*, at 520, 102 S.Ct. 1198 (plurality opinion), not all petitioners have an incentive to obtain federal relief as quickly as possible. In particular, capital petitioners might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution of the sentence of death. Without time limits, petitioners could frustrate AEDPA's goal of finality by dragging out indefinitely their federal habeas review. Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back. *See, e.g., Zarvela*, 254 F.3d, at 381 ("[District courts] should explicitly condition the stay on the prisoner's pursuing state court remedies within a brief interval, normally 30 days, after the stay is entered and returning to federal court within a similarly brief interval, normally 30 days after state court exhaustion is completed"). And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See id.*, at 380-381.

> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition. *See Lundy,* 455 U.S., at 522, 102 S.Ct. 1198 (the total exhaustion requirement was not intended to "unreasonably impair the prisoner's right to relief"). In such a case, the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief. *See id.*, at 520, 102 S.Ct. 1198 (plurality opinion) ("[A petitioner] can always amend the petition to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims").

*Rhines,* 125 S.Ct. at 1534-5.

Consequently, the issue for petitioner boils down to whether he can prove that "...there was good cause for [his] failure to exhaust his claims first in state court..." and whether his claims have merit. *Id.* at 1535.

In paragraph 13 of his petition which was filed in March, 2005, petitioner

attempts to justify the non-exhaustion of certain claims. He writes that the unexhausted claims

> ...have not been presented to any court for the reason that the Petitioner is unlearned in law, has never filed any document pro se in court, has been actively seeking the assistance of counsel to assist him in filing a motion for a new trial or other post-conviction relief in the Massachusetts State Court, has finally found someone who will review the issues raised in the above-unexhausted grounds, that the Petitioner will then, with the assistance of this attorney from the Committee for Public Counsel Services file a motion for a new trial...

Petition (#1) at Supplemental Page Thirteen.

I find that the petitioner has failed to demonstrate "good cause." He was represented by counsel at all stages of the state court proceedings, including during the appeal of his conviction and during the litigation on his motion for a new trial. Through his attorney, he had ample opportunity to bring the unexhausted claims before the state court.

Further, I do not find his allegations of ineffectiveness of his appellate counsel to be meritorious. Appellate counsel raised numerous instances in which trial counsel was allegedly ineffective; the fact that she did not raise all of the ones which petitioner now claims she should have raised involved strategic decisions which are not to be reviewed on an ineffectiveness claim.

Accordingly, I RECOMMEND that the Petitioner's Request for a Stay of Habeas Corpus Proceedings (#11) be DENIED. I FURTHER RECOMMEND that petitioner be given a specific period of time (perhaps 30 days) to withdraw his unexhausted claims. If he fails to withdraw them during the specified time, I FURTHER RECOMMEND that Respondent's Motion to Dismiss (#4) be ALLOWED and that the Petition be DISMISSED as a "mixed petition" containing both exhausted and unexhausted claims.

The parties are hereby advised that pursuant to Rule 72, Fed. R. Civ . P., any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States*

*v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

February 7, 2006.