UNITED STATES DITRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
_____
                                   )
DEREK BIGGS,                       )
     Petitioner,                   )
                                   )
     v.                            ) CIVIL ACTION NO.
                                   ) 2005-CV-10503-JLT
KATHLEEN M. DENNEHY, COMMOSSIONER  )
FOR THE MASSACHUSETTS DEPARTMENT   )
OF CORRECTION FOR THE COMMONWEALTH )
OF MASSACHUSETTS,                  )
     Respondent,                   )
_____)
```

PETITIONER, DEREK BIGGS' OBJECTION TO THE MAGISTRATE'S
REPORT AND RECOMMENDATIONS, OPURSUANT TO RULE 72,
OF THE FEDERAL RULES OF CIVIL PROCEDURE

The Petitioner, Derek Biggs hereby files and objection to the report and recommendations of the magistrate, Collins, U.S.M.J., pursuant to Rule 72, of the Federal Rules of Civil Procedure in its entirety, which waa entered on February 7, 2006, mailed to the Petitioner on February 9, 2006 and received by him on February 13, 2006. This notice from the Court also stated that the objections to the magistrate's report and recommendations were due on February 24, 2006.

-1-

she did not raise all of the ones which petitioner now claims she should have raised onvolved strategic decisions which are not to be reveiewed on an ineffectiveness claim." Report and Recommendations, pages 5-6.

In response the Petitioner respectfully objects to the report and recommendations as to the fact and law found by the magistrate in its entirety and which report and recommendations are plainly contradicted by the record in this case.

In Rose v. Lundy, 455 U.S. 509, 522 (1982), the Supreme Court annoinced the rule that a district court had to dismiss a mixed petition for habeas corpus which contained both exhausted and unexhausted claims and leaving the prisoner a choice of returning to state court to exhaust his claims or amending his petition to only include the exhausted claims to the district courts. Id., 455 U.S. at 510. However, more than two decades after mandating total exhaustion in Rose, the Court in Rhines v. Weber, 544 U.S. ___, 125 S.Ct. 1528 (2005) weighed in on the question of whether a district court may stay, rather than dismiss a mixed

habeas petition. Specifically, the Court considered whether a federal district court has discretion to stay a mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to the federal court for review of his perfected petition. Id., 544 U.S. at ___, 125 S.Ct. at 1531. The Court held that a district court does, in fact, have such discretion under limited circumstances in which there is good cause for the petititioner's failure to exhaust his claims first in state court. Id., 544 U.S. at ___, 125 S.Ct. at 1535.

In Rhines, the Supreme Court noted that because of Rose's total exhaustion requirement and the AEDPA's one year statute of limitations, petitioner's with mixed petitions run the risk of forever losing their opportiunity for any federal review of their exhausted claims. Id., 544 U.S. at ___, 125 S.Ct at 1533. This risk arises because a petitioner could be faced with the choice of either striking hisunexhausted claims and going forward with an exhausted petition or allowing the whole petition to be dismissed, without prejudice,

-4-

as mixed. Under the first option, once the other claims had been exhausted, a petitioner could return to federal court. If his original petition had already been decided on the merits, he previously could include the newly exhausted claims in a subsequent petitition. However, this petition would be subjected to the strict limitations AEDPA places on sucessive petitions. Moreover, now under the holding in Mayle v. Felix, 544 U.S. ___, ___, 125 S.Ct. 2562, 2574 (2005) even if a petitioner was to return to the federal court with his exhausted issues, which were previously unexhausted in time for the ruling on his first petition, a petitioner would not be foreclosed from amending his petition and having the petition and the now exhausted claims relating back to the original filing of the original writ and the second set of now exhausted issues would be time barred.

Thus, in light of the above circumstances, Rhines concluded that a district court has discretion to allow a petitioner to return to state court to present his unexhausted claims. In making this determination, the Court held that the stay and abeyance procedure

must be applied with AEDPA's twin purpose, which rediuce delays in the execution of state and federal criminal sentences and encouraging state petitioner's to seek relief from state court's in the first instance. Rhines, 544 U.S. at ___, 125 S.Ct. at 1534.  As a result, Rhines cautioned, a stay and abeyance should be available only in limited circumstances and is appropriate only when a district court determines that there was "good cause" for the failure to exhaust. Id., 544 U.S. at ___, 125 S.Ct. at 1535. Stays are also improper when the unexhausted claimes are "plainly meritless" or where the petitioner has engaged in "abusive ltigation tactics or intentional delay." Id.  When these factors are absent, however, and the petitioner has good cause for the failure to to exhaust, Rhines states "It likely would be an abuse of discretion for the district court to deny a stay." Id.

Here, the magistrate did not find any intentional delaying tactics on the part of the petitioner, nor would the record in this case permit such a finding, when this court reviews, the Petitioner's affidavits, exhibits and memorandum of law, which is hereby realleged

-6-

reaffirmed and incorporated by reference herein. However, what the magistrate did find, is that the petitioner has not shonw "good cause" for his failure to exhaust previously and that his claims lack merits. However, a review of the Petitioner's submissions in this case, the issues raised and the caselaw cited in support would lead a person to concluded that the petitioner had good cause for the failure to exhaiust previously and the claims clearly have merit and are not "plainly meritless" as Rhines requires. Id. 544 U.S. at ____, 125 S.Ct. at 1535.

    For unstance on pages 31-34 of the Petititioner's memorandum, which is hereby incorporated by reference herein, the Petitioner's good cause, is the ineffectiveness of appellate counsel and that Petitioner's appellate counsel could not have been expected to raise her own ineffectiveness on appeal or in her previouslt filed motion for a new trial and that this would have to be done in a motion for a new trial in order to make a factual showing on the issue, as is required both under federal and Massachusetts law. See, Massaro v. United States, 538 U.S. 500, 506-509 (2003); Commonwelth

-7-

v. Lawrence Zinser, SJC No. SJC-09516 (2006 decision pending, for adoption of Massaro v. United States); Commonwealth v. Frisino, 21 Mass. App. Ct. 551, 553-556 (1986); Commonwealth v. Cormier, 41 mass. App. Ct. 76, 77 (1996)(Claim of ineffective assistance of appellate counsel raised in Rule 30 motion after direct appeal, no waiver found). In this regard, under Murray v. Carrier, supra , this would provide sufficient good cause for the failure to raise the claim earlier, as ineffective assistance claims have been found to be good cause in federal court.

Second, the magistrate alos found that the Petitioner's claims of ineffective assistance of appellate counsel were without merit and were a result of strategy. However, the review is not claims to be without merit, but ones which are "plainly unmeritorious" under Rhines, 544 U.S. at ____, 125 S.Ct. at 1535, which as shown from the Petitioner's memorandum of law, pages 28-77, the ground which the Petitioner is raising are clearly meritorious, have caselaw cited in support, which are on point and the only thing lacking is factual development which would be developed in the state court proceedings in an evidentiary hearing. Because, the issues are

-8-

set forth more fully in the petitioner's memorandum of law and annexed affidavit, and for the pourpose of avoiding redundancy of the pleadings, Petitioner hereby reaffirms, realleges and incorporates by reference herein each and every argument and respectfully requests this Honorable Court to review each and every issue de novo to determine whether the issues raised there are mor meritorious than the issues raised in the Petitioner's first appeal, and, if found, then ineffective assistance of appellate counsel may be found under the proper review under existing law, Smith v. Robbins, 528 U.S. 259, 285-286 (2000), and which is contrary to the review conducted by the magistrate here, who failed to perform such comparison, but merely concluded that the advancing of the issues on the first appeal and rejecting the issues raised in the petition were "strategic decisions".

Moreover, the magistrate in its report and recommendation seems to have relied only upon one portion of paragraph 13 of the petition on page 5 of the report and recommendation as the sole justification the petitioner has offerred for the failure to exhaust certain claims and has overlooked and misapprehended the Petitioner's affidavit, annexed

-9-

exhibits thereto, as well as the arguments set forth within the Petitioner's memorandum of law in opposition of the respondent's motion to dismiss and in support of the Petitioner's request for a stay of the habeas corpus proceedings, which as a whole clearly explains all aspects and reasons for Petitioner's failure to exhaust prior to arrving at federal court with a mixed petition.

Additionally, another factor which had delayed the Petitioner from filing any post-conviction proceedings in the state court previously is the lack of trained law library clerk's in the prison law library, which, due to a grievance filed by another inmate, inmate law clerks are currently being trained to assist other inmates in the preparation of post-conviction motions and habeas corpus petitions. However, prior to that there were no trained law clerks who could have performed this task and assist other prisoners. Simply, put, the petitioner was denied meaningful access to the court's by the state's action in failing to adequately train law clerk's to assist other prisoners, with filing post conviction pleadings. See, Gomez v. vernon, 255 F.3d 1118, 1122 (9th Cir.), cert. denied, 534 U.S.

1066 (2001); <u>Carper v. Deland</u>, 54 F.3d 613, 616-617 (10th Cir. 1999)(prison officials must have persons who are adeqiuately trained in the law to assist other prisoners with the filing of post-conviction pleadings, inclusing habeas corpus petititions).

Finally, because the magistrate in denying the Petitioner's request for the appointment of counsel made no findings as to that request, the Petitioner respectfully objects and respectfully requests this Honorable Court to review the Petitioner's motion, affidavit and memorandum of law, pages 74-77, as it relates to the appointment of counsel de novo, which is hereby realleged, reaffirmed and incorporated by reference herein.

CONCLUSION

For all the foregoing as set forth herein the report and recommendations of the magistrate should be overruled and this Honorable Court should allow the petitioner's request for a stay of the habeas corpus proceedings in order to allow the Petitioner to return to the state court to exhaust the unexhausted issues and should also allow the Petitioner's request for

the appointment of counsel.

Respectfully submitted,

Derek Biggs, pro se
North Central Correctional Institution
500 Colony Road - P.O. Box 466
Gardner, MA. 01440

DATED: MARCH 22, 2006
       GARDNER, MA.

## CERTIFICATE OF SERVICE

I, Derek Biggs do hereby certify that on this 22nd day of February, 2006, I served a true copy of this document upon the Respondent, by mailing a copy of the same, postage prepaid to Respondent's attorney of record in this case, David M. Lieber, Esq., Assistant Attorney general for the Commonwealth of Massachusetts, Criminal Bureau, One Ashburton Place, Boston, MA. 02108.

Derek Biggs, pro se

*Derek Biggs* [signature]